IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

    v.                                  CR-1-97-64

JAMES L. WRIGHT,

        Defendant

CORRECTED JUDGMENT AND COMMITMENT ORDER
WITH SENTENCING MEMORANDUM

    The defendant appeared with counsel, Patrick J. Hanley, Esq., before this Court for sentencing on July 30, 1999. A clerical error appearing in the Order filed at the conclusion of the sentencing hearing is hereby corrected to reflect the sentence imposed during the sentencing hearing on that date.

    The defendant has entered a plea of **GUILTY** to Count One of the Indictment. Accordingly, the defendant is adjudged **GUILTY** of:

**COUNT ONE: ATTEMPTING TO EVADE INCOME TAXES** in violation of Title 26, Section 7201 of the United States Code, a Class D Felony.

    Pursuant to Title 18 U.S.C. § 3553, the Court makes the following findings of relevant facts significant to the imposition of sentence.

    Defendant is guilty of violating Title 26 U.S.C. § 7201 which subjects defendant to a sentence of imprisonment of five years, a fine of $250,000.00, a $50.00 special assessment, and supervised release; however, United States Sentencing Guidelines §§ 2T1.1 and 2T4.1 control the determination of the sentence in this case.

    The offense concluded on February 9, 1993. The defendant entered a plea of guilty on September 17, 1998. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 do not apply because the commission of the offense occurred prior to April 24, 1996.

    The Addendum to the presentence report discloses that no unresolved objections remain for ruling by this Court, however, the defendant disputes the tax loss and the United States urges a maximum sentence.

- 2 -

The Court adopts the findings of fact in the presentence report as amended on the record. The Court finds that the reasonable tax loss for the purposes of sentencing, is more than $13,500.00 and less than $23,500.00, specifically finding that a base offense level of 11 is appropriate based upon the tax table contained in U.S.S.G. 2T4.1 and the corresponding tax loss and that the defendant qualifies for a reduction of 2 points for acceptance of responsibility.

The proper application of the guidelines establishes 9 as the total offense level, I as the criminal history category, and 4 to 10 months as the sentencing range.

The plea agreement does not provide for any sentence.

The Court recognizes that it has the authority to depart upward or downward from the guideline range established in this order and to sentence the defendant to any sentence under the statutory maximum.

Pursuant to § 5B1.1, a sentence of probation is authorized because the minimum of the sentencing level is 4 months.

Pursuant to § 5D1.2, a term of supervised release of two to three years is applicable.

Pursuant to § 5C1.1, the minimum term of the range may be satisfied by 1) a sentence of imprisonment; or 2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention provided that at least one month is satisfied by imprisonment; or 3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

Pursuant to § 5E1.2, the greater minimum fine in this case is $1,000.00 and the greatest maximum fine is $10,000.00. Pursuant to § 5E1.2(i), an additional fine amount of $1,826.99/month to pay the costs to the Government of any imprisonment, $1,326.78/month for offenders in halfway houses, and $253.29/month to pay the costs to the Government of supervised release would be appropriate. The daily cost of electronic monitoring is $4.55. Pursuant to § 5E1.2(f), the Court finds that the defendant is not able to pay even the minimum of the fine required and pay restitution. Accordingly, the fine is waived and restitution shall be ordered.

Pursuant to § 5E1.3, a special assessment of $50.00 shall be ordered.

- 3 -

Based upon the record in this case, including the information contained in the Presentence Report, the Court accepts the Rule 11(e)(1)(A) charge agreement, specifically finding that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory purposes of sentencing.

In accordance with 18 U.S.C. § 3553(c)(1), the Court is not required to state a reason for imposing a sentence at a particular point within the range because the range in this case does not exceed 24 months.

The defendant is sentenced as provided in pages 1 through 6 of this Judgment pursuant to the Sentencing Reform Act of 1984 as follows:

The defendant is hereby **PLACED ON PROBATION** for a term of **FIVE (5) YEARS** under the following conditions:

> (1) the defendant shall not commit another Federal, state or local crime;
>
> (2) the defendant is prohibited from possessing a firearm or other dangerous weapon;
>
> (3) the defendant shall participate in the Home Confinement program for a period of 120 days. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by his Probation Officer. The defendant will be subject to the standard conditions of Home Confinement adopted by the Southern District of Ohio, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to pay for the daily cost of electronic monitoring services. A percentage of this payment may be waived based on the Probation Officer's evaluation of the defendant's financial condition;
>
> (4) the defendant shall cooperate with the IRS in the payment of any and all delinquent taxes and in the determination of his civil tax liability and payment thereof;

- 4 -

(5) the defendant shall refrain from the unlawful use of controlled substances and submit to one drug test within 15 days of being placed on Probation, and at least two other periodic drug tests thereafter as determined by the Probation Officer;

(6) the defendant shall verify his transfer of one firearm in his residence to individuals outside of his residence; and

(7) the defendant shall make installment payments on any unpaid balance of the restitution owed at the direction of the Probation Officer.

**THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF PROBATION/SUPERVISED RELEASE FOR THE SOUTHERN DISTRICT OF OHIO:**

(1) the defendant shall not leave the judicial district without permission of the court or probation officer;

(2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(9) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

It is ordered that the defendant shall pay **RESTITUTION IN THE AMOUNT OF TAXES DETERMINED BY THE INTERNAL REVENUE SERVICE TO BE OWING AND A SPECIAL ASSESSMENT of $50.00.** Both shall be due immediately.

Both parties are notified by this Court that each of you have a right to appeal this sentence and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on July 30, 1999. **Ten days from the filing of judgment will be August 9, 1999.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber,
United States District Judge

8/17/99
Date

Certified as a true copy on

this date _____

By: _____
    Deputy Clerk

R E T U R N

I have executed this Judgment as follows:

_____

_____

_____Defendant

delivered on _____ to _____

_____ at _____, with a

certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal